FILED
2013 Jul-24  AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit

# 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

MARILYN RHONE,                    )
                                  )
        Plaintiff,                )
                                  )   CIVIL ACTION FILE
v.                                )
                                  )   NO. _____
CENLAR AGENCY, INC.,              )
                                  )
        Defendant.                )

### DECLARATION OF MARIANNE DOROBA

The undersigned, Marianne Doroba, under penalty of perjury, states as follows:

1.    My name is Marianne Doroba. I am over 19 years of age and competent to testify as to the matters contained herein. I make this Declaration based upon my personal knowledge of the facts contained herein or upon information provided to me in the normal course of my duties as Vice President for Cenlar FSB ("Cenlar").

2.    I have been employed by Cenlar since February 18, 2003. I have served in the role of Vice President since February 18, 2003.

3.    Cenlar is a federal savings bank organized under 12 U.S.C. § 1464. Cenlar's home office, its only office, is located in Ewing, New Jersey.

4.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of July, 2013.

Marianne Doroba
Vice President

# Exhibit

# 3

## Erin R. McDonald

| | |
|---|---|
| **From:** | Jessica S. Varnon <jvarnon@law.ua.edu> |
| **Sent:** | Friday, June 14, 2013 5:31 PM |
| **To:** | Austin E. James |
| **Subject:** | Rhone v. Cenlar |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Austin,

This is in response to your request that we make a settlement demand. After further evaluation of our case and in consultation with our client, below is our present calculation of damages and the amount we believe we would seek at trial. We have used two years to simplify the calculations because the check was dated May 16, 2011. Without discovery, we do not know the exact date that Cenlar received the check, but I believe it's safe to assume they have had possession of those funds for about two full years.

1. $24,122.28, the amount of the original check plus 7.5% interest compounded because Cenlar has held the check for 2 years, which brings it to $28,013.01.
2. $6500, which is the amount Ms. Rhone borrowed to temporarily repair the roof to prevent further weather damage and mitigate damage to the home.
3. $14,000 for loss of wages. Ms. Rhone was forced to move in with her employer. Instead of accepting rent, the employer decreased her wages. Her income was decreased by approximately $140 per week. We calculated that at 50 weeks per year.
4. $50,000 in mental anguish damages, which breaks down to approximately $25,000 per year. This would be to compensate Ms. Rhone for the two years that Cenlar has held her insurance funds, prohibiting her from repairing and moving back into her home. Ms. Rhone was forced to move in with her employers. That living situation prohibited Ms. Rhone from practicing her religion freely and has kept her grandchildren from being able to visit. Further, Ms. Rhone has had increased health problems as a result, including loss of sleep and increased blood pressure.
5. $295,539.03 in punitive damages, which is 3 times compensatory damages.

That brings the total we would seek at trial to $394,052.04. Our offer of settlement is:

1. Compensatory damages of $98,513.01.
2. Punitive damages of $226,486.99.
3. Total: $325,000.
4. Ms. Rhone would be entitled to redeem the house for the amount Cenlar requests, if supporting documentation is provided. Ms. Rhone would not contest the fees and interest added to the amount, again if supporting documentation is provided, even though we still maintain that the foreclosure was improper. In redeeming the home and settling on the wrongful foreclosure and related claims, Ms. Rhone is assuming the risk that, since the home has not been lived in for over two years, it's likely that the repair costs will be more at this point. She is also assuming the decrease in value, as the home has sat in disrepair and has been vacant for over two years.

We think this offer is genuinely fair given the amount of time that has passed since Ms. Rhone sent Cenlar the insurance check and all that she has been through since that time. As such, please respond as soon as possible to our offer, preferably by the middle of next week. We would like to get this resolved quickly, and since a substantial amount of time has already passed, we would like to move forward with filing our amended complaint if a settlement cannot be reached soon. I look forward to hearing back from you.

*Jessica S. Varnon*
Clinical Supervising Attorney
Civil Law Clinic
The University of Alabama School of Law
Box 870392
Tuscaloosa, Alabama 35487
(205) 348-4960

# Exhibit
# 4

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY

STATE OF ALABAMA

MARILYN RHONE,                    )
                                  )
        Plaintiff,                )
                                  )   CIVIL ACTION FILE
v.                                )
                                  )   NO. CV-2012-901110
CENLAR AGENCY, INC.,              )
                                  )
        Defendant.                )

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Pursuant to 28 U.S.C. §1446, Defendant Cenlar, F.S.B. ("Cenlar"), incorrectly named in the Complaint as Cenlar Agency, Inc., gives this Honorable Court notice that it has removed this action to the United States District Court for the Northern District of Alabama, Western Division (the "District Court"). The Court shall immediately effect removal of this matter and shall not proceed further unless and until the case is remanded.  A true and correct copy of the Notice of Removal filed with the District Court is attached hereto.

Respectfully submitted this 23rd day of July, 2013.

                              RCO LEGAL, PC


                         By: /s/ Austin E. James
                             Austin E. James (JAM032)
                             Attorney for Cenlar, FSB

1587 N.E. Expressway
Atlanta, Georgia  30329
Direct Dial:  (678) 298-8833
              (770) 234-9181
Facsimile:    (404) 329-8144
Email:        ajames@rcolegal.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

MARILYN RHONE,                    )
                                  )
        Plaintiff,                )
                                  )   CIVIL ACTION FILE
v.                                )
                                  )   NO. _____
CENLAR AGENCY, INC.,              )
                                  )
        Defendant.                )

## NOTICE OF REMOVAL

Pursuant to 28 USCS § 1446, Defendant Cenlar, F.S.B. ("Cenlar"), incorrectly named in the Complaint as Cenlar Agency, Inc., hereby files its Notice of Removal of Civil Action No. 63-CV-2013-901110.00 from the Circuit Court of Tuscaloosa County, Alabama (the "Circuit Court Action"), where it is currently pending, to the United States District Court for the Northern District of Alabama, Western Division. This cause is removable pursuant to 28 U.S.C. §§ 1332 and 1441 pursuant to diversity jurisdiction and because the amount of controversy exceeds $75,000.00. In support of this Notice, Defendant Cenlar respectfully shows the Court as follows:

### PROCEDURAL BACKGROUND

1.

On November 26, 2012, the Plaintiff commenced the Circuit Court Action in the Circuit Court of Tuscaloosa County by filing a Complaint (the "Complaint") against Central Loan & Reporting. In

the Complaint, Plaintiff made the following allegations:

   a.   When her father died intestate, she acquired from him
        certain real property in Tuscaloosa County (the
        "Property") that secured a debt her father owed to the
        defendant. (Compl. at ¶¶ 6 – 16)

   b.   Plaintiff did not probate her father's estate but began
        making payments on the debt secured by the Property and
        purchased a hazard insurance policy for the Property.
        (Id. at ¶ 21)

   c.   When the Property was damaged by a tornado, the
        insurance company issued a check in the amount of
        $24,122.28, payable to Plaintiff and the defendant,
        which held the mortgage on the Property. (Id. at ¶ 17)

   d.   Plaintiff indorsed the check and delivered it to the
        defendant for the defendant to execute and disburse for
        repair of the Property. (Id. at ¶ 29)

   e.   The defendant did not disburse the funds, and Plaintiff
        was unable to repair the Property, leading to further
        damage to the Property. (Id. at ¶¶ 32-34)

Based on those allegations, Plaintiff sought the release of the
insurance funds to her, $1,800 in damages for rent Plaintiff
allegedly paid as a result of her inability to reside at the
Property, and an unspecified amount of compensatory damages for
damage to the Property resulting from the delay in releasing the

insurance funds.  (Compl. at p. 5)

2.

On January 8, 2012, Plaintiff amended the Complaint to change the name of the defendant to Cenlar Agency, Inc., but made no additional changes to the Complaint.  (Amended Complaint)

3.

On June 27, 2013, Plaintiff filed a motion for leave to amend her complaint (the "Motion to Amend"), seeking to add claims for equitable relief, wrongful foreclosure, wantonness, estoppel, and unjust enrichment based on allegations that Cenlar foreclosed on the Property while Plaintiff and Cenlar were litigating Plaintiff's conversion claim.  In the Second Amended Complaint, Plaintiff continues to seek the release to her of the insurance funds but she also seeks, for the first time, punitive damages and damages for mental anguish, alleging that Cenlar converted the insurance funds in known violation of her rights and that she has suffered from anxiety, health problems, worry, frustration, disappointment, and inconvenience as a result.  (Second Am. Compl. at ¶¶ 57-58 and 100-104)

4.

On July 12, 2013, the Circuit Court granted the Motion to Amend, making the Second Amended Complaint filed on July 12, 2013.

5.

True  and  correct  copies  of  "all  process,  pleadings,  and

orders" are attached hereto as Exhibit 1 in accordance with 28 U.S.C. § 1446(a).

BASIS FOR REMOVAL

6.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Cenlar removes this action to the United States District Court for the Northern District of Alabama, Western Division, the Judicial District in which the Circuit Court Action is pending.

7.

Removal of this action is appropriate under 28 U.S.C. § 1332 because the parties' citizenships are diverse and the amount in controversy for Plaintiff's claims exceeds $75,000.00, exclusive of interest and costs.

8.

Diversity of citizenship exists, as demonstrated by the following:

a.   Upon information and belief, both at the time the Complaint was filed and at the time of filing this Notice of Removal, Plaintiff has been a citizen of the State of Alabama residing in Tuscaloosa County, Alabama. (Compl. at ¶¶ 1 and 6; Am. Compl. at ¶¶ 1 and 6; Second Am. Compl. at ¶¶ 1 and 5).

b.   As shown by the Declaration of Marianne Doroba filed herewith as Exhibit 2, Defendant Cenlar is a Federal savings association with its home office in the State of New Jersey. 12

- 4 -

U.S.C. § 1462(3).   Therefore, Cenlar is a citizen of New Jersey.

12 U.S.C. § 1464(x) (stating that a Federal savings association

"shall be considered to be a citizen only of the State in which

such savings association has its home office").

9.

As demonstrated by the following, the amount in controversy

exceeds $75,000.00, exclusive of interest and costs:

a.   The party removing a case to federal court has the burden

of establishing, by the preponderance of the evidence, that the

amount in controversy exceeds $75,000.00.   Lowery v. Ala. Power

Co., 483 F.3d 1184, 1210 (11th Cir. 2007).   In those cases in

which the amount in controversy is not readily ascertainable from

the face of the complaint, "[a] removing defendant need only show

that the amount in controversy more likely than not exceeds the

jurisdictional amount."   Roe v. Michelin North America, Inc., 613

F.3d 1058, 1061 (11th Cir. 2010). When computing the amount in

controversy for purposes of removal, a demand for punitive damages

must be taken into account. "unless it is apparent to a legal

certainty that such cannot be recovered." Robinson v. Affirmative

Ins. Holdings, Inc., 2013 U.S. Dist. LEXIS 28306, *13 (N.D. Ala.

Mar. 1, 2013) (quoting Equip. Co. v. Credit Alliance Corp., 821

F.2d 1531, 1535 (11th Cir. 1987)).

b.   As discussed in Paragraph 3 above, Plaintiff seeks

compensatory damages, damages for mental anguish, punitive

damages, and equitable relief in the form of a constructive trust over certain real property (the "Property") based on claims including conversion, unjust enrichment, wantonness, and wrongful foreclosure.[1] (Second Am. Compl. at pp. 14-16)   Based on those claims, the amount in controversy clearly exceeds $75,000.00. Plaintiff specifically seeks the insurance funds of $24,122.28 and an additional $6,500.00 for the repairs Plaintiff has allegedly made to the Property.   Plaintiff seeks additional damages for mental anguish and an unspecified amount of punitive damages.

c.   As shown by the settlement demand attached hereto as Exhibit 3, Plaintiff has estimated the total of just the compensatory damages to which she would be entitled were she to prevail on the claims in her Second Amended Complaint to be $98,513.01.   Jones Welding Co. v. Paceco Corp., 2013 U.S. Dist. LEXIS 99528, *10 (S.D. Ala. June 28, 2013) (A settlement demand is "relevant evidence of the amount in controversy if it includes specific information to reflect a reasonable estimate of the plaintiff's claim") (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994); Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); Roe v. Michelin North America, Inc., 613 F.3d 1058, 1062 (11th Cir. 2010)).   Consequently, the amount in controversy based on the

---

[1] Defendant Cenlar does not admit that Plaintiff is entitled to any of the relief she seeks.   Cenlar is only referring to Plaintiff's allegations for the purpose of removal.   Cenlar reserves its right to contest Plaintiff's claims and requests for relief.

claims in the Second Amended Complaint exceeds $75,000.00

10.

Based on the foregoing, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, and the removal is proper pursuant to 28 U.S.C. § 1441.

11.

As required by 28 U.S.C. § 1446, a copy of all process and pleadings in the State Court Action is attached hereto as Exhibit 1.

12.

A removal notice and a copy of this Notice of Removal shall be filed with the Circuit Court of Tuscaloosa County, Alabama, and shall be served on Plaintiff's attorney.  A true and correct copy of the Notice of Removal, without Exhibits 1-4, being filed with the Circuit Court of Tuscaloosa County, Alabama is attached hereto as Exhibit 4.

13.

Pursuant to 28 U.S.C.S. § 1446(b)(3), this Notice of Removal to the United States District Court is filed by Defendant Cenlar within thirty (30) days after receipt, through service or otherwise, of a copy of the Second Amended Complaint, being the first pleading, motion, order, or other paper from which it could be ascertained that the case had become removable.

14.

The United States District Court for the Northern District of Alabama, Western Division, is a federal judicial district embracing the Circuit Court of Tuscaloosa County, Alabama, where this suit was originally filed. Therefore, venue is proper under 28 U.S.C. §§ 81(b)(1) and 1441(a).

15.

Pursuant to 28 U.S.C. §1446(d), Defendant is filing a true and correct copy of the Notice of the Removal with the Circuit Court of Tuscaloosa County, and providing written notice of the removal to Plaintiff.

16.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

17.

The allegations of this Notice are true and correct, and this cause is removable to the United States District Court for the Northern District of Alabama.

18.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter available under Alabama's rules of civil procedure, Fed. R. Civ. P. 12, or any state or federal statute.

19.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant Cenlar's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Alabama's rules of civil procedure or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

WHEREFORE, Defendant Cenlar requests that Circuit Court Case No. CV-2012-901110.00 be stayed and that this matter be removed to the United States District Court for the Northern District of Alabama, Western Division.

Respectfully submitted this 23rd day of July, 2013.

RCO LEGAL, P.C.

By: /s/ Austin E. James
Austin E. James
AL Bar No. 6988-N45J
Attorney for Cenlar, FSB

1587 N.E. Expressway
Atlanta, Georgia  30329
Direct Dial:  (678) 298-8833
              (770) 234-9181
Facsimile:    (404) 329-8144
Email:        ajames@rcolegal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a precise copy of the above NOTICE OF REMOVAL was served the opposing party by United States First Class Mail in a properly addressed envelope with adequate postage affixed to assure delivery, addressed as follows:

Anne Hornsby, Esq.
Jessica Varnon, Esq.
Civil Clinic
The University of Alabama School of Law
Post Office Box 870392
Tuscaloosa, Alabama  35487-0392
*ATTORNEYS FOR PLAINTIFF*

This 23rd day of July, 2013.


                                        /s/ Austin E. James
                                        Austin E. James
                                        AL Bar No. 6988-N45J
                                        Attorney for Cenlar, FSB

RCO LEGAL, P.C.
1587 N.E. Expressway
Atlanta, Georgia  30329
Direct Dial:  (678) 298-8833
              (770) 234-9181
Facsimile:    (404) 329-8144
Email:        ajames@rcolegal.com

- 10 -

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a precise copy of the above **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** was served on the following through the Court's electronic notification system and/or by United States First Class Mail in a properly addressed envelope with adequate postage affixed to assure delivery, addressed as follows:

> Anne Hornsby, Esq.
> Jessica Varnon, Esq.
> Civil Clinic
> The University of Alabama School of Law
> Post Office Box 870392
> Tuscaloosa, Alabama  35487-0392
> *ATTORNEYS FOR PLAINTIFF*

This <u>23rd</u> day of July, 2013.

> <u>/s/ Austin E. James</u>
> Austin E. James
> Attorney for Cenlar, FSB

RCO LEGAL, PC
1587 N.E. Expressway
Atlanta, Georgia  30329
Direct Dial:   (678) 298-8833
               (770) 234-9181
Facsimile:     (404) 329-8144
Email:         ajames@rcolegal.com

2