FILED
 2014 Mar-24  AM 10:56
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MARILYN RHONE,** } | |
| } | |
| **Plaintiff,** } | |
| } | **CASE NO. 7:13-CV-01368-SLB** |
| **v.** } | |
| } | |
| **CENLAR AGENCY, INC. ,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff Marilyn Rhone has moved to remand this case to the Tuscaloosa Circuit Court because defendant, Cenlar Agency, Inc., failed to timely file its Notice of Removal and because prior to removal, defendant litigated the case on the merits in state court. (Doc. 4.)[1] Upon review of the record, the argument of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion to Remand is due to be denied.

## I. PROCEDURAL HISTORY

This case was removed from the circuit court of Tuscaloosa County on July 23, 2013 on the basis of federal diversity jurisdiction. (Doc. 1.)[2] Plaintiff filed her complaint on November 26, 2012 in state court alleging conversion of insurance proceeds. (Doc. 1-1 at 7-12.) The original complaint contained one count for conversion of $24,122.28 in insurance funds "which caused more damage and for . . . rent payments in the amount of $1,800

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] The fact that diversity jurisdiction exists is not contested by the plaintiff.

incurred by the delay in disbursing plaintiffs funds." (Doc. 1-1 at 11.) Defendant foreclosed on the subject property and purchased it at auction on February 28, 2013. (Doc. 1-1 at 67.) Defendant filed an answer in state circuit court on March 5, 2013. (Doc. 1-1 at 28-31.)

On April 16, 2013 defendant filed a motion for summary judgment, (doc 1-1 at 33-45); oral argument was heard in state court and the motion for summary judgment was denied on June 4, 2013, (doc 4 at 4). On June 5, 2013, at defendant's request, plaintiff emailed defendant a copy of its proposed Second Amended Complaint. (Doc 1-3 at 5.) Plaintiff requested that defendant state whether defendant would oppose the Motion to Amend. (Doc. 4-1 at 3.) This amended complaint included new claims of unjust enrichment, wrongful foreclosure, and estoppel, and also requested punitive and mental anguish damages and a preliminary injunction. (Doc. 1-2 at 53-68.)  On June 14, plaintiff emailed defendant a settlement demand that was based on the proposed Second Amended Complaint. (Doc. 4-1 at 3.) On June 25, 2013, defendant notified plaintiff that it would oppose the Motion to Amend. (*Id.*) On June 27, plaintiff filed a Motion for Leave to file a Second Amended Complaint. (Doc 1-2 at 51-52.) A hearing was set for July 15, (doc. 4-1 at 3), but on July 11 defendant withdrew its opposition, (doc. 1-2 at 71).

The circuit court granted plaintiff's Motion to Amend on July 12. (Doc. 1-2 at 76.) On July 23, 2013, the defendant filed a Notice of Removal to the United States District Court for the Northern District of Alabama. (Doc 1.) Defendant cited the plaintiff's Second Amended

Complaint and the settlement demand based thereon to support its contention that the amount in controversy requirement was satisfied. (Doc. 1 at 5-7.)

## II. DISCUSSION

Plaintiff contends that defendant's Notice of Removal was untimely and that defendant waived its right to remove when it argued a summary judgment motion in state circuit court. Plaintiff also requests attorney fees for opposing the allegedly improper removal. The court will address these claims in turn.

**A. Timely Removal**

Plaintiff contends that defendant's Notice of Removal is time barred under 28 U.S.C. § 1446(b)(3) which states that when a civil action is not removable upon the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff claims that defendant should have been aware of the removable nature of the case, and therefore the 30 day window should have began to run, on either June 5, 2013, when the plaintiff emailed defendant a proposed copy of the Second Amended Complaint, or June 14, 2013, when plaintiff emailed defendant a detailed settlement demand exceeding $75,000. (Doc. 4-1 at 2-3). Plaintiff argues that either of these documents satisfy the "other paper" section of § 1446(b)(3).

3

The court disagrees.  Here the state court did not approve the filing of the Second Amended Complaint until July 12, 2013. (Doc. 1-2 at 76.)  In *Holloway v. Morrow* the court held that "the 30-day removal period prescribed by § 1446(b) commences running as soon as a defendant is able to ascertain intelligently that the action is removable." *Holloway v. Morrow*, 2008 WL 401305 (S.D. Ala 2008). Defendant here could not ascertain that the case was removable until the state court granted plaintiff's motion to file the Second Amended Complaint, which increased the amount in controversy above the threshold required by § 1332(a). Defendant then filed its Notice of Removal on July 23, well within the 30 day window required under § 1446(b)(3). (Doc. 1.)

To hold otherwise would create a difficult situation for defendants and would go against precedent requiring documents supporting removal to "unambiguously establish federal jurisdiction." *Exum v. State Farm Fire and Cas. Co.*, 821 F.Supp.2d 1285, 1291 (M.D. Ala., 2011). The receipt by the defendant of a proposed and unfiled amended complaint and a settlement demand based off that complaint cannot be said to "unambiguously establish" the amount in controversy required for removal. The proposed complaint might never be filed or the court could deny leave to amend. However, the amendment of a complaint in court records is exactly the kind of "unambiguous" event that removal could be based on.

The June 14, 2013 settlement demand also did not start the 30 day window for removal. Until the court granted leave to plaintiff to file her amended complaint, the

proposed settlement was based on claims not yet in front of the court. There is no reason to expect defendant to have considered the settlement offer as part of the amount in controversy until the claims it was based on were actually part of the litigation. The demand letter, based on claims not yet filed, can be compared to a pre-suit demand letter, which has been held to not constitute "other paper" for the purposes § 1446(b)(3). *See Saberton v. Sears Roebuck and Co.*, 392 F.Supp.2d 1358, 1360 (M.D. Fla. 2005) ("Defendant's pre-suit demand letter will not be considered as "other paper" for the purpose of satisfying the amount in controversy requirement."); *Depina v. Iron Mountain Information Mgmt, Inc.*, 2005 WL 1319231 (M.D. Fla. 2005) (Declining to expand "other paper" to include pre-suit settlement demand letter). Therefore the settlement demand could not affect defendant's understanding of the amount in controversy until the amended complaint was filed on July 12, 2013.

Plaintiff's argument that defendant's Notice of Removal was untimely fails because defendant filed the Notice within 30 days of July 12, 2013, the date when the action first became removable.

## B. Waiver of Right to Remove

Plaintiff also argues that defendant waived its right to remove by arguing a motion for summary judgment in state court on June 4, 2013. In *Franklin v. City of Homewood* the court stated that "[A]lthough waiver of the right is possible, the defendant's intent (to waive) must be clear and unequivocal." *Franklin v. City of Homewood*, 2007 WL 1804411 (N.D. Ala. 2007)(internal quotations omitted). Clearly, there could be no "clear and unequivocal" waiver

5

of the right to remove if that right was not available to defendant. One cannot give away what one does not have. The right had not arisen at the time of the motion for summary judgment because the Second Amended Complaint had not been filed and the amount in controversy requirement was not satisfied. In other words, the right to remove could not have been waived because it did not then exist. Defendant's Notice of Removal on July 23, 2013 was not rendered improper due to previous waiver of the right to remove.

## C. Attorney Fees

Attorney fees are not appropriate in this case. They are only appropriate pursuant to 28 U.S.C.A. § 1447(c) when the removing party lacked an "objectively reasonable basis" for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Other courts have awarded attorney's fees in remand cases where the defects have been egregious: where the defendant was up against the forum defendant rule, *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009), or where defendant removed pursuant to federal question jurisdiction because the plaintiff's complaint merely mentioned the word "overtime" and "federal," *Devine v. Prison Health Servs., Inc.*, 212 Fed. App'x 890, 891 (11th Cir. 2006). In this case, it was objectively reasonable for defendant to think that the Notice of Removal was timely filed and that its right to remove had not been waived. Indeed, as set forth above, the court finds that removal was proper. Therefore, plaintiff's request for attorney fees will be denied.

### III. CONCLUSION

For the above stated reasons, plaintiff's Motion for Remand and Attorneys fees will be denied.  An Order in accordance with this Memorandum Opinion will be entered.

**DONE**, this 23rd day of March, 2014.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE